IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:

CHRISTOPHER J. SYLVESTER and )
MARY E. SYLVESTER, )
            )
  Plaintiffs, )
            )
v. )
            )
WESTCHESTER SURPLUS LINES )
INSURANCE COMPANY, )
            )
  Defendant. )
_____/

## NOTICE OF REMOVAL

  Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY (hereinafter "WESTCHESTER"), by and through the undersigned counsel and pursuant to 28 U.S.C. § 1441(a), hereby removes an action pending in the Circuit Court of the Seventh Judicial Circuit of Florida, in and for Volusia County, styled *CHRISTOPHER J. SYLVESTER and MARY E. SYLVESTER v. WESTCHESTER SURPLUS LINES INSURANCE COMPANY*, Case No. 2023-30376-CICI, because this Court has jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of

citizenship and the amount in controversy. In support of removal, WESTCHESTER further states:

## TIMELY NOTICE OF REMOVAL

1. On March 17, 2023, Christopher J. Sylvester and Mary E. Sylvester ("Plaintiffs") filed a Complaint against WESTCHESTER in the Seventh Judicial Circuit of Florida, in and for Volusia County bearing Case No. 2023-30376-CICI ("State Action").

2. On March 28, 2023, WESTCHESTER was served with a Summons and copy of the Complaint in connection with the State Action. *See* **Composite Exhibit A.**

3. Plaintiffs' Complaint asserts that WESTCHESTER breached an insurance contract issued to the Plaintiffs and providing coverage for losses to certain real property. (*See generally*, *id.*)

4. While the Complaint is silent as to the exact amount of damages, the Plaintiffs' Notice of Intent to Initiate Litigation ("NIL") claimed an amount in dispute in excess of $75,000.00, exclusive of attorneys' fees and costs. A true and correct copy of the NIL is attached hereto as composite **Exhibit B**.

5. Pursuant to 28 U.S.C. § 1446(b)(3), WESTCHESTER timely files this Notice of Removal within thirty (30) days of WESTCHESTER'S receipt through

service of a copy of the initial pleading setting forth a claim for relief.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, because the State Action is based upon claims allegedly arising in Volusia County, Florida, and the State Action remains pending therein.

## JURISDICTION

7. This Court has jurisdiction. The State Action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, WESTCHESTER is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

8. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center.'").

9. WESTCHESTER is, and was at the time of the filing of the Complaint, a corporation organized under the laws of Georgia, with its principal place of business in New Jersey. Accordingly, WESTCHESTER is a citizen of Georgia and New Jersey for purposes of determining Diversity under 28 U.S.C. § 1332(a)(1).

10. Plaintiff, CHRISTOPHER J. SYLVESTER, is and was, at the time the Complaint was filed, a citizen of the State of Florida. A public records search revealed that Christopher J. Sylvester has had a Florida issued driver's license since at least 2009, has had a vehicle registered in Florida since at least 2018, and has been registered to vote in Florida since at least 2010.

11. Plaintiff, MARY E. SYLVESTER, is and was, at the time the Complaint was filed, a citizen of the State of Florida. A public records search revealed that Christopher J. Sylvester has had a Florida issued driver's license since at least 2005, has had a vehicle registered in Florida since at least 2018, and has been registered to vote in Florida since at least 2005.

12. Accordingly, Plaintiffs are considered citizens of the State of Florida for the purpose of determining diversity under 28 U.S.C. §1332(a)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

13. WESTCHESTER bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483

F.3d 1184, 11th Cir. (2007). Here, as previously stated, Plaintiffs' Complaint asserts WESTCHESTER breached an insurance contract issued to Plaintiffs.

14. The applicable deductible under the Subject Policy of insurance is $16,200.00.

15. WESTCHESTER has issued payments to Plaintiffs in the amount of $22,340.38 and $1,935.62, after application of the deductible, in relation to the Subject Claim.

16. Despite WESTCHESTER'S tender of benefits under the policy, Plaintiffs' NIL claimed damages in excess of $110,000.00 and asserted a "Presuit Settlement Demand" of $115,944.00. *See composite* **Exhibit B.**

17. Accordingly, the amount in controversy between Plaintiffs and WESTCHESTER for damages related to the insurance contract exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## CONCLUSION

18. Therefore, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, as Plaintiffs and WESTCHESTER are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COMPLIANCE WITH 28 U.S.C. § 1446

19. Pursuant to 28 U.S.C. § 1446(d), WESTCHESTER has provided written notice of the filing of this Notice of Removal to all adverse parties and to the Seventh Judicial Circuit, Volusia County Clerk of Court. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed in the State Action are being filed with this Notice of Removal. *See c*omposite **Exhibit A**[1]**.**

WHEREFORE, the Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY respectfully requests that this Court exercise jurisdiction over this matter.

                           **BUTLER WEIHMULLER KATZ CRAIG LLP**

                           */s/ Travis A. Harvey*

                           WILLIAM R. LEWIS, ESQ.
                           Florida Bar No.: 0879827
                           wlewis@butler.legal
                           Secondary:   ebeynon@butler.legal
                                                tgarcia@butler.legal
                           TRAVIS A. HARVEY, ESQ.
                           Florida Bar No. 0044117
                           tharvey@butler.legal
                           Secondary:  jpost@butler.legal
                           400 North Ashley Drive, Suite 2300
                           Tampa, Florida 33602
                           Telephone: (813) 281-1900

---

[1] Includes Civil Cover Sheet, Complaint, Notice of Taking Deposition, Designation of Email Address, Interrogatories, Request to Produce, Request Summons, Twenty Day Summons.

        Facsimile: (813) 281-0900
        *Counsel for Defendant, Westchester Surplus Lines Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

    Valorie S. Chavin, Esq.
    James E. Mitchell, Esq.
    **Chavin Mitchell Shmuely**
    12955 Biscayne Blvd., Suite 201
    North Miami, FL 33181
    *Counsel for Plaintiffs*

by CM/ECF on April 17, 2023

                      TRAVIS A. HARVEY, ESQ.